1997 ND 127

**In the Matter of the Petition For Reinstatement of Evan F. HEUSTIS.**

**No. 970139.**

Supreme Court of North Dakota.

June 25, 1997.

## ORDER FOR REINSTATEMENT

By Supreme Court Order dated May 6, 1992, Evan F. Heustis was suspended from the practice of law for three years for ethical violations in his handling of the James Arthur Moore estate. The May 6, 1992 Order outlined conditions for Heustis's reinstatement as five years of supervised probation, full restitution to the James Arthur Moore Trust, and payment of the costs and expenses of the disciplinary proceedings. (See Supreme Court No. 920030.) Additionally, by Supreme Court Order dated May 26, 1993, Heustis's suspension was extended to June 20, 1995, and he was ordered to pay an additional $250 for the costs and expenses of the disciplinary proceedings. (See Supreme Court No. 930147.)

On November 18, 1996, Heustis filed a Petition for Reinstatement with the Disciplinary Board. Heustis along with his attorney, Cameron D. Sillers, and Vivian E. Berg, Disciplinary Counsel, filed a Stipulation acknowledging that Heustis made full restitution to the James Arthur Moore Trust in the amount of $209,522.47; that he paid the costs and expenses of both disciplinary proceedings; and, that mitigating factors existed in both disciplinary proceedings including a mental impairment that had a causal connection to the misconduct. The parties further acknowledged that Heustis did not practice law during his suspension but has been employed by the Ramsey National Bank and Trust Co.; that he fully understands the wrongfulness of the misconduct leading to his suspension; and, that he understands he must comply with continuing legal education requirements.

The parties agreed that Lynn M. Hoghaug, an attorney licensed to practice in the State of North Dakota, will supervise Heustis's practice during the five-year period of supervised probation. By letter dated March 11, 1997, attached to the Stipulation as exhibit D, Attorney Hoghaug has agreed to supervise Heustis's practice in accordance with the Stipulation. The parties also agreed that Heustis will pay the costs and expenses of the disciplinary proceedings in the amount of $250.

The Hearing Panel accepted and approved the Stipulation and recommended that Evan F. Heustis be reinstated with five-years of supervised probation and that Attorney Hoghaug be Heustis's supervising attorney during the probationary period as set out in the Stipulation. The Hearing Panel further recommended that Heustis pay the costs and expenses of the disciplinary proceedings in the amount of $250. The Disciplinary Board approved and accepted the Report of the Hearing Panel with the attached Stipulation and exhibits; the Disciplinary Board's Report was submitted to the Supreme Court for its consideration under Rule 4.5, NDRLD. The Court considered the matter, and

**ORDERED,** that the Report of the Disciplinary Board is accepted and Evan F. Heustis is reinstated to the Bar of the State of North Dakota, with five-years of supervised probation, under the following conditions:

1. Lynn M. Hoghaug, an attorney licensed to practice in the State of North Dakota, shall supervise Heustis's practice during the probationary period. As supervising attorney, Attorney Hoghaug, accepts responsibility for monitoring Heustis's adherence to the North Dakota Rules of Professional Conduct. Attorney Hoghaug will report to Disciplinary Counsel, every six months during the probationary period regarding Heustis's compliance with the Rules of Professional Conduct. If Attorney Hoghaug is unable to complete the period of supervision, he shall notify the Disciplinary Board immediately so other arrangements may be made.

2. Evan F. Heustis's attorney's trust account, if any, be annually audited by a certified public accountant at Heustis'

expense, and that he file the audit report with the Disciplinary Counsel within six months of the end of the calendar year.

3. Evan F. Heustis certify to the Disciplinary Counsel that he has completed 45 hours of continuing legal education course-work within the three-year period immediately preceding his being issued a license to practice law in North Dakota.

**IT IS FURTHER ORDERED**, that Evan F. Heustis pay the costs and expenses of the disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board.

Gerald W. Vande Walle
Chief Justice

Herbert L. Meschke
Justice

Dale V. Sandstrom
Justice

Mary Muehlen Maring
Justice

NEUMANN, J., deeming himself disqualified, did not participate in this decision.